**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RODERICK DUNSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 12-653 (RMC)** |
| | ) | |
| **DRUG ENFORCEMENT** | ) | |
| **ADMINISTRATION** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Defendants Executive Office for United States Attorneys ("EOUSA") and Drug

Enforcement Administration ("DEA") have each moved for summary judgment in this Freedom

of Information Act ("FOIA") case.  Def. EOUSA's Mot. for Summ. J. [Dkt. # 15]; Def. DEA's

Mot. for Summ. J. [Dkt. # 18].  Plaintiff Roderick Dunston, proceeding *pro se*, has not complied

with the Court's orders to respond to EOUSA's motion, initially by October 5, 2012 [Dkt. # 16],

and to DEA's motion, initially by November 9, 2012 [Dkt. # 19].  Each order warned Mr.

Dunston that his failure to respond to the dispositive motions within the time allowed, and in

accordance with Rule 56 of the Federal Rules of Civil Procedure, might result in the Court's

treating the motions as conceded and entering judgment for the moving defendant.  Yet, Mr.

Dunston has not filed responses within the additional time the Court allowed in granting his

motion for an extension of time.  *See* Order [Dkt. # 22] (extending deadline to November 5,

2012, with regard to EOUSA's motion and to December 10, 2012, with regard to DEA's

motion).  For the following reasons, the Court will grant each motion and enter judgment accordingly.

In summary judgment proceedings, the Court may grant a properly supported motion "if the movant shows [through facts supported in the record] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In doing so, the Court "should state on the record the reasons for granting . . . the motion."  *Id.*

Summary judgment is the frequent vehicle for resolution of a FOIA action because the pleadings and declarations in such cases often provide undisputed facts on which the moving parties are entitled to judgment as a matter of law.  *McLaughlin v. U.S. Dep't of Jus*tice, 530 F. Supp. 2d 210, 212 (D.D.C.  2008) (citations omitted).  Agencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith.  *Id.* (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  The Court may award summary judgment solely on the basis of information provided in such affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

Under 56(e), "[i]f a party fails to  . . . properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly . . . address the fact; (2) consider the fact undisputed . . . [or] (3) grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it . . . ."  Despite having two

opportunities to address defendants' material facts, Mr. Dunston has not contested defendants'

facts, which are properly supported with agency declarations.

      The Court is satisfied from EOUSA's declaration that EOUSA located all records

responsive to Mr. Dunston's FOIA request, released all reasonably segregable information, and

properly withheld information under FOIA exemptions 7(C) and 7(D).  Decl. of David

Luczynski [Dkt. # 15-1] ¶¶ 13-15, 17-24.  Likewise, the Court is satisfied from DEA's

declaration that DEA located all records responsive to Mr. Dunston's request, released all

reasonably segregable non-exempt information, and properly withheld information under FOIA

exemptions 7(C), 7(D), 7(E) and 7(F).  Decl. of William C. Little, Jr. [Dkt. # 18-1] ¶¶ 39, 60-83

& Ex. J (*Vaughn* index).  In addition, the Court finds that DEA properly justified, under the

personal privacy provision of FOIA exemption 6, its apparent refusal to either confirm or deny

the existence of records responsive to Mr. Dunston's request for the oaths of office of two

individuals Mr. Dunston "claimed" were DEA special agents.[1]  Little Decl. ¶¶ 20, 22-30 & Ex. H

("The information you requested relates to third-parties who you claim are DEA special agents.")

---

[1]    Mr. Little states that "the Oath of Office for DEA special agents is contained in the Official Personnel Folder . . . of the respective agent."  Little Decl. ¶ 25.  Hence, the Court does not agree with DEA's reliance on exemptions 7(C) and 7(F) also to shield the requested oaths, if they exist. *See* Little Decl. ¶¶ 20, 30.  This is because FOIA exemption 7 protects information "compiled for law enforcement purposes."  5 U.S.C. § 552(b)(7); *see Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (records "compiled for law enforcement purposes" must "establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law.") (citation and internal quotation marks omitted).  By its terms, exemption 6 protects third-party "personnel . . . and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

For the foregoing reasons, the Court finds in the absence of contravening evidence that Defendants have satisfied their disclosure obligations under the FOIA and are entitled to judgment as a matter of law.  A memorializing order accompanies this Memorandum Opinion.


Date:   February 1, 2013                    _____/s/_____
                                            ROSEMARY M. COLLYER
                                            United States District Judge